UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Burton,                                                                      Case No. 3:20-cv-1834

             Plaintiff

       v.                                                       MEMORANDUM OPINION
                                                                  AND ORDER

Annette Chambers-Smith, et al.,

             Defendants

## I. INTRODUCTION

Defendants Annette Chambers-Smith, Jenny Clayton, Chief Inspector Christopher Lambert, Warden Harold May, Candy Babb, and Doctor Bigler filed a motion to dismiss the claims asserted against them by Plaintiff Shawn Burton. (Doc. No. 11). Plaintiff filed an opposition brief, (Doc. No. 16), and Defendants filed a reply. (Doc. No. 17). For the reasons stated below, Defendants' motion is granted.[1]

## II. BACKGROUND

Plaintiff, an inmate at the Toledo Correctional Institution, has suffered from "issues with hernias throughout his incarceration." (Doc. No. 3 at 2). In 2011 and 2014, he underwent hernia repair surgeries. Since then, Plaintiff has experienced numerous complications from those surgeries, including chronic pain.

---

[1] In the Amended Complaint, Plaintiff also listed as Defendants "unnamed Medical Records Clerk Toledo Correctional" and "Unnamed Surgeon, Franklin Medical Center." (Doc. No. 3). But a year has passed since Plaintiff filed his Amended Complaint, and these Defendants have not been identified or served. In light of Plaintiff's apparent lack of due diligence in identifying and serving these Defendants, I dismiss any claim against these Defendants for lack of prosecution.

In February 2019, Plaintiff sought and received treatment for his hernia pain. During the appointment, Plaintiff alleges Defendant Babb examined him and stated, "'if there were no infections or serious [ ] problems then the mesh is doing its job.' Further, 'if the hernia is not sticking way out, then they wouldn't put in a referral.'" (*Id.* at 5). At that time, Plaintiff also claims he and Defendant Babb discussed the hernia mesh recall.

After this appointment, Plaintiff requested his medical records to determine what type of mesh was used in his 2011 and 2014 surgeries. Though Plaintiff renewed his request for these records numerous times over the next year and even filed a grievance when they were not provided, he had yet to receive those records at the time this action was filed in August 2020.

While waiting for these records, Plaintiff's hernia-related pain and complications did not subside. He regularly sought treatment for these issues and requested a referral for surgery. Though Plaintiff's medical providers, including Defendant Bigler, examined and treated Plaintiff multiple times, his request for surgery was not immediately approved. Because of this, Plaintiff filed a grievance, which was denied. Plaintiff's appeal of this denial was also denied by Defendant Lambert. Still, Plaintiff continued his plea for surgery, and in October 2019, Defendant Bigler placed a consultation request with Franklin Medical Center. This request was approved, and Plaintiff received his third hernia surgery on February 5, 2020.

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual

inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. DISCUSSION

In his Amended Complaint, Plaintiff alleges two Section 1983 claims. First, Plaintiff asserts Defendants violated his right to have a full and complete copy of his medical records granted to him by the Health Insurance Portability & Accountability Act ("HIPAA"), 45 C.F.R. § 164.524. (Doc. No. 3 at 12-14). And second, Plaintiff contends Defendants violated his Eighth Amendment rights by being deliberately indifferent to his health. (*Id.* at 15-16). Defendants assert both claims must be dismissed for failure to state a claim, and I agree.

First, Defendant correctly asserts Plaintiff's HIPAA claim must be dismissed because no such cause of action exists. "Federal '[c]ourts have repeatedly held that HIPAA does not create a private right' and 'cannot be privately enforced … via § 1983.'" *Gray v. Maury Cnty. Jail*, No. 1:14-cv-00119, 2014 WL 4546052, at *2 (M.D. Tenn. Sept. 12, 2014) (quoting *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009)). Therefore, Plaintiff's first claim must be dismissed.

Second, Plaintiff fails to state sufficient facts to show Defendants acted with deliberate indifference when denying him a referral to surgery immediately upon his request.

An inmate claiming prison officials violated the Eighth Amendment must show the officials acted with deliberate indifference to the inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, Plaintiff alleges Defendants Babb and Bigler acted with deliberate indifference when they did not immediately refer him for surgery for his hernia. He alleges this delay was due to a policy in which "some inmates were given surgery and others were not." (Doc. No. 3 at 16). In support, Plaintiff alleges Defendant Bigler once told him, "I don't know why that they only repair certain hernias," or "I don't know why they repair some hernias and not others." (*Id.* at 7, 16). These vague statements do not support his assertion that the alleged arbitrary policy regarding surgery referrals exists.

Ultimately, Plaintiff was treated for his hernia-related pain and complications. Although Plaintiff is dissatisfied with the speed in which he received a referral to surgery and the lack of relief he experienced following his previous operations, this is a challenge to Defendants' medical judgment. Because the facts asserted do not suggest Defendants intentionally delayed or denied medical care for a serious medical need, Plaintiff's deliberate indifference claim must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this case is closed. So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4